# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Balogh v. Commonwealth of Virginia, et al. |
| **Originating No. & Caption** | 3:20-cv-00038;Conte, et al. v. Commonwealth of Virginia, et al. |
| **Originating Court/Agency** | Western District of Virginia |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 12 U.S.C. 1291 |
| Time allowed for filing in Court of Appeals | 30 |
| Date of entry of order or judgment appealed | 04-27-23 |
| Date notice of appeal or petition for review filed | 05-26-23 |
| If cross appeal, date first appeal filed | NA |
| Date of filing any post-judgment motion | NA |
| Date order entered disposing of any post-judgment motion | NA |
| Date of filing any motion to extend appeal period | NA |
| Time for filing appeal extended to | NA |
| Is appeal from final judgment or order? | ● Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

1/28/2020 SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ● Yes | ○ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | NA | |
| Case number of any pending appeal in same case | NA | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | None known | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This is an appeal from an action for violations of appellant Balogh's civil and constitutional rights under the First and Fourteenth Amendments. The case concerns Balogh's attendance and defendants' / appellees' involvement in the August 12, 2017 Unite the Right ("UTR") rally at and around Lee Park in Charlottesville, Va. - a lawfully permitted assembly for which District Court judge Conrad granted a preliminary injunction enjoining the defendant / appellee City of Charlottesville, Va. from enforcing its attempt to revoke the permit and prevent the demonstration from proceeding. In a further deliberate effort to deter UTR demonstrators from expressive activity and in open defiance of Judge Conrad's order, defendants / appellees intentionally allowed, encouraged, and / or facilitated mob violence by counter-protestors against lawful UTR demonstrators, creating a civil disturbance as a pretext to disperse the demonstrators before the UTR rally began. Balogh was injured by the counter-protestors as a result.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

I. Under the particular circumstances of this case, in which the appellant Balogh was peacefully participating in the court-approved and permitted UTR rally and was injured by the malicious and readily foreseeable actions of counter protesters as a result of actions taken by the defendants / appellees that put Balogh in a vulnerable position vis-à-vis the counter protestors, did the District Court err in relying on Deshaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989) and similar cases to deny Balogh a remedy?

II. Did the District Court err in holding that the defendants / appellees were entitled to qualified immunity as a matter of law on a motion to dismiss, where cases upholding the Hecklers Veto doctrine and exceptions to the DeShaney doctrine show that the law was established that the government had a duty to protect Balogh under the particular circumstances of this case?

III. Did the District Court err in holding that the defendants / appellees were entitled to qualified immunity as a matter of law under Rule 12, where the municipal police power intentionally relinquished the state's monopoly on violence, thereby aiding and abetting violent counter-protesters who sought to deny Balogh's First Amendment rights?

IV. Did the District Court judge err in declining to recuse himself, where two of his law clerks had publicly disclosed intimate personal friendships — " best friends," in one instance — with a plaintiff who was suing UTR protestors such as Balogh in the closely related case of Sines v. Kessler?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Please see Attachment A | Adverse Party: Please see Attachment A |
|---|---|
| Attorney:<br>Address:<br><br>E-mail:<br>Phone: | Attorney:<br>Address:<br><br>E-mail:<br>Phone: |

**Adverse Parties (continued)**

| Adverse Party: Please see Attachment A | Adverse Party: Please see Attachment A |
|---|---|
| Attorney:<br>Address:<br><br>E-mail:<br>Phone: | Attorney:<br>Address:<br><br>E-mail:<br>Phone: |

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: Warren Balogh | Name: |
| Attorney: Glen Allen, Esq.<br>Address: 5423 Springlake Way<br>Baltimore, MD 21212 | Attorney:<br>Address: |
| E-mail: glenallenlaw@protonmail.com | E-mail: |
| Phone: 410-802-6453 | Phone: |

**Appellant (continued)**

| | |
|---|---|
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

Signature: _Glen Allen_     Date: 6-26-23

Counsel for: Warren Balogh

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                                      Date:

# FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style: Conte, et al. v. Commonwealth of Virginia, et al.
Dist. Ct. No. 3:20-cv-00038-NKM District: Western District of Virginia (Charlottesville)
Date Notice of Appeal filed: 05/26/23 Court of Appeals No. 23-1581
Name of Court Reporter/Electronic Rec. (use separate form for each reporter): JoRita Meyer
Address of Reporter: 16474 Douglas Road, Barboursville, VA 22923

Appellant must order any necessary transcript within 14 days of noting the appeal by completing a separate transcript order form for each reporter and a single order form for all electronic recordings requested, submitting the orders to the court reporters and the district court, and attaching copies to the docketing statement filed in the court of appeals. The transcript order form should not include requests for transcripts that are on file or are on order. The completed order form must show that necessary financial arrangements have been made. In CJA cases, counsel must certify that AUTH-24 requests have been submitted through the **district court's eVoucher system** for approval by the district judge. Once the transcript has been prepared, counsel also submits the CJA-24 voucher for payment in the district eVoucher system. For assistance, see District eVoucher Contacts for Transcript Authorization and Payment.

In sentencing appeals, a transcript of the sentencing hearing must be ordered. In Anders appeals, plea (or trial) and sentencing transcript must be ordered, along with any necessary hearing transcripts (e.g., suppression hearings). In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates not to exceed $.15 per page. Co-defendants may obtain paper or electronic copies of prepared transcript from the court reporter, co-counsel, or the district court.

If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order. If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so.

Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Counsel should obtain full-size transcript from the court reporter, since condensed transcript may not be used in the appendix. Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal. Local Rule 30(b).

A. This constitutes an order of the transcript of the following proceedings. Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages. Specific CJA authorization is required for opening and closing statements, voir dire, and instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☐ Voir Dire | |
| ☐ Opening Statement (Plaintiff) | |
| ☐ Opening Statement (Defendant) | |
| ☐ Closing Argument (Plaintiff) | |
| ☐ Closing Argument (Defendant) | |
| ☐ Opinion of Court | |
| ☐ Jury Instructions | |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☐ Pre-Trial Proceedings (specify) | |
| ☐ Testimony (specify) | |
| ☒ Other (specify) | Hearing on motion - January 11, 2021 |

TOTAL ESTIMATED PAGES: _____

B. ☐ Expedited transcript completion requested within ☐ 14 days ☐ 7 days ☐ 3 days.

C. I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made as follows:
  ☒ Private funds. (Deposit of $_____ enclosed with court reporter's copy. Check No. 110.)
  ☐ CJA AUTH-24 request submitted in district eVoucher system.
  ☐ Government expense (civil case--IFP). Motion for transcript at government expense is pending with district judge.
  ☐ Advance payment waived by court reporter. Payment in full is due upon receipt of transcript.
  ☐ Federal Public Defender - no CJA 24 authorization necessary.
  ☐ United States appeal.

[handwritten note, partially illegible: "...have made ... attempts ... through the clerk's office but have not been able to speak with or get ... testimony will agree to pay for the transcript"]

D. Transcript is requested in ☐ paper format ☒ electronic format

Signature: Glen Allen, Esq. Typed Name: Glen Allen, Esq.
Address: 5423 Springlake Way, Baltimore, Maryland 21212
Email: glenallenlaw@protonmail.com Telephone No. 410 802 6453
Date Sent to Reporter: sent by pro se appellant on June 13, 2023; sent by counsel, Glen Allen, June 26, 2023

11/25/2019 CAD

**General Docket**
**United States Court of Appeals for the Fourth Circuit**

ATTACHMENT A

**Court of Appeals Docket #:** 23-1581
**Nature of Suit:** 3440 Other Civil Rights
Warren Balogh v. Commonwealth of Virginia
**Appeal From:** United States District Court for the Western District of Virginia at Charlottesville
**Fee Status:** fee paid

**Docketed:** 05/31/2023

**Case Type Information:**
1) Civil Private
2) private
3) null

**Originating Court Information:**
**District:** 0423-3 : 3:20-cv-00038-NKM
**Ordering Judge:** M. Hannah Lauck, U. S. District Court Judge
**Presiding Judge:** Norman K. Moon, Senior U. S. District Court Judge
**Ordering Judge:** Michael F. Urbanski, Chief U. S. District Court Judge
**Ordering Judge:** Robert Stewart Ballou, U. S. Magistrate Judge
**Ordering Judge:** Joel Christopher Hoppe, U. S. Magistrate Judge
**Date Filed:** 08/12/2019

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 03/03/2020 | 07/09/2020 | 05/26/2023 | 05/26/2023 |
| 04/27/2023 | 04/27/2023 | | |

**Prior Cases:**
None

**Current Cases:**
None

---

**WARREN BALOGH**
    Plaintiff - Appellant

Glen K. Allen
Direct: 410-802-6453
Email: glenallenlaw@gmail.com
[COR NTC Retained]
GLEN K. ALLEN LAW
502 Edgevale Road
Baltimore, MD 21210

**GREGORY CONTE**
    Plaintiff

v.

**COMMONWEALTH OF VIRGINIA**
    Defendant - Appellee

Robert Bernard McEntee, III
Direct: 804-786-8198
Email: rmcenteeiii@oag.state.va.us
[NTC Government]
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
202 North 9th Street
Richmond, VA 23219

Erin Rose McNeill, Assistant Attorney General
Direct: 804-692-0598
Email: emcneill@oag.state.va.us
[COR NTC Retained]
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
202 North 9th Street
Richmond, VA 23219

**TERENCE R. MCAULIFFE**
    Defendant - Appellee

Robert Bernard McEntee, III
Direct: 804-786-8198
[NTC Government]
(see above)

Erin Rose McNeill, Assistant Attorney General
Direct: 804-692-0598

[COR NTC Retained]
(see above)

**VIRGINIA STATE POLICE**
    Defendant - Appellee

Robert Bernard McEntee, III
Direct: 804-786-8198
[NTC Government]
(see above)

Erin Rose McNeill, Assistant Attorney General
Direct: 804-692-0598
[COR NTC Retained]
(see above)

**STEVEN FLAHERTY**
    Defendant - Appellee

Robert Bernard McEntee, III
Direct: 804-786-8198
[NTC Government]
(see above)

Erin Rose McNeill, Assistant Attorney General
Direct: 804-692-0598
[COR NTC Retained]
(see above)

**BECKY CRANNIS-CURL**
    Defendant - Appellee

Robert Bernard McEntee, III
Direct: 804-786-8198
[NTC Government]
(see above)

Erin Rose McNeill, Assistant Attorney General
Direct: 804-692-0598
[COR NTC Retained]
(see above)

**BRIAN JOSEPH MORAN**
    Defendant - Appellee

Robert Bernard McEntee, III
Direct: 804-786-8198
[NTC Government]
(see above)

Erin Rose McNeill, Assistant Attorney General
Direct: 804-692-0598
[COR NTC Retained]
(see above)

**CITY OF CHARLOTTESVILLE**
    Defendant - Appellee

Richard Hustis Milnor, Esq.
Direct: 434-977-0191
Email: rmilnor@zmc-law.com
[COR NTC Retained]
ZUNKA, MILNOR & CARTER LTD
414 Park Street
Charlottesville, VA 22902-0000

**MICHAEL SIGNER**
    Defendant - Appellee

**WES BELLAMY**
    Defendant - Appellee

Rosalie Fessier
Direct: 540-885-1517
Email: rfessier@timberlakesmith.com
[COR NTC Retained]
TIMBERLAKE SMITH
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108

Brittany Elizabeth Shipley
Direct: 540-885-1517
Email: bshipley@timberlakesmith.com
[COR NTC Retained]
TIMBERLAKE SMITH
2nd Floor
25 North Central Avenue