# OFFICE OF THE CIRCUIT MEDIATOR
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **EDWARD G. SMITH**<br>CHIEF CIRCUIT MEDIATOR<br>N. MYRTLE BEACH, SOUTH CAROLINA | **ROBIN R. TIDWELL**<br>CIRCUIT MEDIATOR<br>401 CORLEY MANOR COURT<br>LEXINGTON, SC 29072<br>(803) 490-0447<br>Robin_Tidwell@ca4.uscourts.gov | **JEROME (JERRY) WOODS, II**<br>CIRCUIT MEDIATOR<br>ELKRIDGE, MARYLAND |

June 30, 2023

Re: 23-1581, Warren Balogh v. Commonwealth of Virginia

## NOTICE OF SCHEDULED MEDIATION

Dear Counsel:

A mediation conference has been scheduled in this case pursuant to Local Rule 33, a copy of which is attached. Please review the rule carefully. The conference will be conducted by an **audio-only Zoom call** on **July 25, 2023**, at **10:00 AM** EASTERN.

**The electronic recording of conferences is strictly prohibited**.

*The Circuit Mediator will initiate the call using Zoom. However, for the call to work correctly, you **must** provide our office with a direct phone line, as Zoom doesn't support offices with an automated system or receptionist.*

Counsel addressed below are understood to be the lawyers with primary responsibility for this case and are required to participate. Please immediately contact OCM Program Administrator Lucille Payne at Lucille_Payne@ca4.uscourts.gov, or you may call 843-731-9099 if:

1. any counsel listed below do not need to participate; or
2. additional or different counsel is necessary or beneficial for this conference; or
3. if this date presents an unavoidable conflict with a previously scheduled court appearance.

      There are several purposes for this conference: to prevent unnecessary motions or delays by attempting to resolve any procedural problems in the case, to identify and clarify the main issues being raised in the appeal, and to explore any possibilities there may be for settlement. All counsel are expected to discuss settlement with their clients and then attend the conference with the authority to initiate and respond to settlement proposals.

      For more information on the Fourth Circuit mediation process, **click here**.

Sincerely,
Robin R. Tidwell

Circuit Mediator

Copies:  Glen K. Allen
David Patrick Corrigan
Rosalie Fessier
Erin Rose McNeill
Richard Hustis Milnor
Brittany Elizabeth Shipley
Melissa Yvonne York

**Rule 33. Appeal Conferences**

The court may direct the attorneys - and, when appropriate, the parties - to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement. A judge or other person designated by the court may preside over the conference, which may be conducted in person or by telephone. Before a settlement conference, the attorneys must consult with their clients and obtain as much authority as feasible to settle the case. The court may, as a result of the conference, enter an order controlling the course of the proceedings or implementing any settlement agreement.

***Local Rule 33. Circuit Mediation Conferences***
*All civil and agency cases in which all parties are represented by counsel on appeal will be reviewed by a circuit mediator after the filing of the docketing statements required by Local Rule 3(b). The circuit mediator will determine whether a mediation conference may assist either the Court or the parties. Counsel for a party may also request a conference if counsel believes it will be of assistance to the Court or the parties. Counsel's participation is required at any scheduled conference. Mediation conferences will generally be conducted by telephone but may be conducted in person in the discretion of a circuit mediator. Mediation conferences may be adjourned from time to time by a circuit mediator. Purposes of the mediation conference include:*

a. *Jurisdictional review;*
b. *Simplification, clarification, and reduction of issues;*
c. *Discussion of settlement; and*
d. *Consideration of any other matter relating to the efficient management and disposition of the appeal.*

*Although the time allowed for filing of briefs is not automatically tolled by proceedings under this local rule, if the parties wish to pursue, or are engaged in, settlement discussions, counsel for any party may move to extend the briefing schedule. The mediator, through the Clerk of the Court, may enter orders which control the course of proceedings and, upon agreement of the parties, dispose of the case.*

*Statements and comments made during all mediation conferences, and papers or electronic information generated during the process, are not included in Court files except to the extent disclosed by orders entered under this local rule. Information disclosed in the mediation process shall be kept confidential and shall not be disclosed to the judges deciding the appeal or to any other person outside*

*the mediation program participants. Confidentiality is required of all participants in the mediation proceedings. All statements, documents, and discussions in such proceedings shall be kept confidential. The mediator, attorneys, and other participants in the mediation shall not disclose such statements, documents, or discussions without prior approval of the Standing Panel on Attorney Discipline. Any alleged violations of this rule shall be referred to the Court's Standing Panel on Attorney Discipline for a determination pursuant to Local Rule 46(g) of whether imposition of discipline is warranted. All proceedings before the Standing Panel on Attorney Discipline involving confidential information under this procedure shall be confidential.*

*Local Rule 33 adopted June 8, 1994; amended December 1, 1995, March 4, 1998, and December 11, 2001.*